IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND S. CRIMONE and | ) | |
| REBECCA A. CRIMONE, | ) | |
| Plaintiffs, | ) | Civil Action No. 14-808 |
| | ) | |
| v. | ) | |
| | ) | Senior District Judge |
| McCabe, Weisberg & Conway, P.C.; | ) | Terrence F. McVerry |
| Marc S. Weisberg, Esq.; Andrew L. | ) | |
| Markowitz, Esq.; Nationstar Mortgage, | ) | |
| LLC; Ekker, Kuster, McCall & Epstein, | ) | Magistrate Judge |
| LLP; Thomas R. Dobson; Sandelands | ) | Cynthia Reed Eddy |
| Eyet; Matthew T. Eyet, Esq.; and Does 1- | ) | |
| 10, | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Presently pending before the Court are four Motions to Dismiss the Amended Complaint filed by the above-captioned Defendants.  (ECF Nos. 3, 5, 15, 21 *errata* 23).  For the following reasons, it is respectfully recommended that the District Court grant all of Defendants' pending motions, and dismiss the Amended Complaint filed by *pro se* Plaintiffs Raymond S. Cimone and Rebecca A. Crimone, (ECF No. 2), with prejudice.

## II.   REPORT

## A.    Background[1]

---

[1]      Because Plaintiffs' claims herein are based upon conduct that has occurred in the ongoing mortgage foreclosure action in state court, the Court will refer to documents of public record from those proceedings that have been submitted by the Defendants.  *See Southern Cross Overseas Agencies, Inc.. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

In April 2004, Plaintiffs obtained a mortgage.  (ECF No. 5-2 at 3).  At various points during the term of the loan, the mortgage was assigned to other parties.  Plaintiffs received notice on July 13, 2012, that the mortgage had been transferred from Aurora Loan Services, LLC, to Nationstar Mortgage, LLC ("Nationstar").  (ECF Nos. 26 at 2; 28 at 2–3).  In a separate notice dated August 14, 2012, Plaintiffs received a letter from Nationstar indicating that Plaintiffs were in "serious default" on the mortgage.  (*Id.*).  Nationstar's correspondence stated that it was a "debt collector trying to collect a debt."  (*Id.*).

On October 16, 2013, Nationstar filed a complaint in mortgage foreclosure against Plaintiffs in the Court of Common Pleas of Mercer County, Pennsylvania ("state foreclosure action"). (ECF No. 5-2 at 3).  Nationstar was initially represented by McCabe, Weisberg & Conway, P.C. ("MWC"), specifically by attorneys Marc S. Weisberg and Andrew L. Markowitz. (ECF Nos. 15; 21-1).  MWC contacted Ekker, Kuster, McCall & Epstein, LLP ("EKME"), to act on its behalf as local counsel.  (ECF Nos. 21, 21-1).

On December 2, 2013, Plaintiffs filed *pro se* preliminary objections to Nationstar's complaint in the state foreclosure action, which challenged*, inter alia*, whether Nationstar had possession of the note.   (ECF No. 5-2 at 4).   Nationstar subsequently filed an answer to Plaintiffs' preliminary objections on December 23, 2013, followed by a praecipe for argument on February 3, 2014.  (*Id.*).  Oral argument was held on May 5, 2014 before Common Pleas Judge Robert G. Yeatts.  (*Id.*).  Plaintiff Rebecca A. Crimone was removed from the courtroom during this hearing.  (*Id.*).  Oral argument was rescheduled for, and completed on, June 2, 2014.  (ECF No. 5-2 at 5).

On June 20, 2014, Plaintiffs filed the Complaint herein in the United States District Court for the Western District of Pennsylvania against all parties involved in the foreclosure action,

including the then-presiding judge, Judge Robert G. Yeatts.[2]  (ECF Nos. 1, 5-2 at 5).  Thereafter, Judge Yeatts issued an order requiring Nationstar to attach a copy of the mortgage notes and subsequent assignments to its original complaint in the state foreclosure action.  (ECF No. 5-1 at 4).  Nationstar had twenty days to file the amended complaint.  On July 16, 2014, Judge Yeatts issued an Opinion setting forth reasons that he was recusing from the state foreclosure action. (ECF No. 16-1 at 4).

The state foreclosure action was then reassigned to President Judge Thomas R. Dobson. On July 30, 2014, Judge Dobson entered default judgment in favor of Plaintiffs following Nationstar's failure to file an amended complaint within the prescribed time period.  (ECF No. 5-1 at 4).  An amended complaint was thereafter filed on August 6, 2014.  (*Id.*).  Nationstar subsequently employed Sandelands Eyet, LLP, specifically Matthew T. Eyet, as counsel.  (ECF No. 5).  Nationstar then moved to strike the default judgment.  (ECF No. 5-1 at 5).  At argument on October 9, 2010, Nationstar's counsel, Matthew Eyet, presented the note containing Rebecca Crimone's signature.  Judge Dobson granted Nationstar's motion to strike the default judgment on October 10, 2014.  (*Id.*).

On October 17, 2014, Plaintiffs filed an Amended Complaint in this Court against the above-captioned Defendants.  (ECF No. 2).  Plaintiffs brought suit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), primarily alleging that Defendants committed numerous violations of the Act throughout the course of the foreclosure action. Plaintiffs also generally allege violations of their First, Fourth, Fifth, Seventh, and Fourteenth

---

[2]    Plaintiffs' original Complaint (ECF No. 1) also included as defendants the following parties: West Penn Financial, LLC, Principle Residential Mortgage, Inc., Wilmington Finance, Aurora Loan Services, LLC, Joyce C. Krauchuk, Gregory M. Reichart, Sheriff Deputy Anthony Tedesco, and the Mercer County Court of Common Pleas.  (ECF No. 1).  Plaintiffs' Amended Complaint of October 17, 2014 (ECF No. 2), did not include the above parties as named defendants, and there is nothing to indicate that any of the above individuals and entities have been served.  As such, the above parties were terminated from the present action on October 17, 2014.

Amendment rights under the United States Constitution. Plaintiffs further seek relief under several provisions of Pennsylvania law.[3]

Following the filing of their Amended Complaint in this Court, Plaintiffs filed preliminary objections to Nationstar's amended complaint in the state foreclosure action, which were denied by Judge Dobson on November 3, 2014. (ECF No. 5-1 at 6). Plaintiffs were ordered to file an answer within twenty days. Plaintiffs instead filed a motion for recusal on November 6, 2014. (*Id.*). In an opinion filed November 10, 2014, Judge Dobson declined to recuse. (ECF No. 16-1 at 9-13).

Several motions to dismiss the Amended Complaint before this Court were independently filed by Defendants between November 3, 2014 and February 2, 2015. (ECF Nos. 3, 5, 15, 21 *errata* 23).[4] The issues presented therein have been fully briefed, and are now ripe for disposition.

We have jurisdiction over the matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1334 (civil rights), 15 U.S.C. § 1692k(d) (civil liability for debt collection practices), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

---

[3] Plaintiffs claim that Defendants violated the following sections of the Pennsylvania Commercial Code: 13 Pa.C.S. §§ 3101 – 3605, 9302. Plaintiffs also claim that Defendants violated 1 Pa.C.S. § 1932; 21 Pa.C.S. §§ 351, 444, 445, and 621. Finally, Plaintiffs contend that Defendants violated various provisions of the Pennsylvania Rules of Civil Procedure and the Pennsylvania Rules of Evidence, and challenge the constitutionality of Pa.R.C.P. 1147.

[4] Defendant Dobson filed a Motion to Dismiss and Brief in Support thereof on November 3, 2014. (ECF Nos. 3, 4). Defendants Nationstar Mortgage, LLC; Sandelands Eyet; and Matthew Eyet, Esq. filed a Motion to Dismiss on November 12, 2014. (ECF Nos. 5, 6). Defendants McCabe, Weisberg & Conway, P.C.; Marc S. Weisberg, Esq.; and Andrew L. Markowitz, Esq. filed a Motion to Dismiss, or, in the alternative Motion to Strike and Brief in Support thereof on February 2, 2015. (ECF Nos. 15, 16). And Defendants Ekker, Kuster, McCall & Epstein, LLP filed a Motion to Dismiss, or, in the alternative, Motion to Strike on February 2, 2015, (ECF No. 21), and on February 3, 2015 filed an Errata Motion (ECF No. 23) because their previous motion did not comply with this District's signature requirements for electronic filing.

**B.      Analysis**

    **1.      Standard of Review**

        a.      <u>*Pro Se* Litigants</u>

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a *pro se* plaintiff may be inartfully drawn and should be read "with a measure of tolerance"). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002).

        b.      <u>Motion to Dismiss – Rule 12(b)(6)</u>

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Id.*

As the United States Court of Appeals for the Third Circuit explained in *Fowler*:

. . . The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, plausibility determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

6

578 F.3d at 210–11 (marks and citations omitted); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir. 2011).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D. Pa. 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

### 2.    Discussion

In their Amended Complaint, which consists of Seven Counts total, Plaintiffs allege that they seek redress for perceived violations of the FDCPA, violations of the United States Constitution, and violations of various Pennsylvania statutes and procedural rules.  In addition to

seeking monetary relief for the above alleged violations, Plaintiffs seek, *inter alia*, the following: outright recission of any contracts, a full accounting audit, replevin, having the promissory note rendered uncollectable, having perjury charges be brought against various Defendants, having various Defendants sentenced to one year in federal prison, and having a complete investigation into all of the foreclosures handled by Northstar.  (Am. Compl. at 39-42, ECF No. 2).  We have carefully reviewed the Amended Complaint and all of Plaintiffs' filings in this matter.  (ECF Nos. 2, 25–29, 35–37, 42).  For the reasons discussed below, we agree with Defendants, and thus, recommend that the Amended Complaint be dismissed with prejudice.[5]

        a.     *Younger* Abstention

Defendants contend that because the state foreclosure action, which forms the basis for all of Plaintiffs' claims herein, is ongoing in the Court of Common Pleas of Mercer County, the *Younger* abstention doctrine instructs that we should abstain from exercising jurisdiction to avoid unnecessarily duplicative proceedings which could only serve to interfere with the pursuit of Defendants' claims against Plaintiffs in the state foreclosure action. The Court partially agrees with Defendants: to the extent that Plaintiffs are seeking to enjoin Judge Dobson from presiding over the mortgage foreclosure action and to the extent that Plaintiffs are attempting to have this Court dismiss or interfere with the mortgage foreclosure action, we should abstain from exercising subject-matter jurisdiction.  However, we decline to abstain from exercising subject-matter jurisdiction over Plaintiffs' federal claims for monetary damages.

The doctrine of abstention advanced in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee*

---

[5]      Because the Court recommends dismissing the Amended Complaint in its entirety, the Court need not address the alternative Motions to Strike.  *See* (ECF Nos. 15, 21).

*v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  "[F]ederal courts must abstain from exercising jurisdiction in certain circumstances over a claim when resolution of that claim would interfere with an ongoing state proceeding," *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010)), or when federal jurisdiction is invoked solely for the "purpose of restraining certain state proceedings."  *National City Mortgage Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011).  Such impermissible interference arises when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

We will first discuss abstention as it relates to Plaintiffs' attempts to have this Court enjoin, dismiss, and/or interfere with the state court mortgage foreclosure action.  The first prong of *Younger* is met given the ongoing nature of the foreclosure action.  As to the second prong, "Pennsylvania has both an important interest in resolving disputes related to real property within its jurisdiction and in preserving its authority in ruling over such disputes."  *Rauso v. Fein*, 2015 WL 2217411, *7 (E.D. Pa. May 12, 2015).  Should we grant Plaintiffs' request to enjoin Judge Dobson from presiding over the mortgage foreclosure action and/or to dismiss the mortgage foreclosure action entirely, *see* (Am. Compl. ¶ 37j at p. 15, ECF No. 2); (ECF No. 25 at 10), we would unduly interfere with these important state interests; thus, the second prong is satisfied. *Id.*; see *also Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008) (finding the second prong satisfied because the plaintiff's requested relief would nullify the state court judge's ruling, and noting that any relief granted by the district court would directly impact Pennsylvania's interest in protecting its own judicial system).

Turning to the third prong, we agree with Defendants that, in light of the fact that the majority of Plaintiffs' accusations herein are duplicative of their assertions already made in the state court action, Plaintiffs' appropriate recourse for any alleged violation of state law or abuse of authority in the state foreclosure action is through the state appellate court system. *See* (ECF No. 4 at 8). Plaintiffs bear the burden of establishing that they do not have an adequate opportunity to raise these issues in the state court action. *Anthony v. Council*, 316 F.3d 412, 422 (3d Cir. 2003). Having failed to meet said burden, the third prong is satisfied. Thus, all three of the necessary prongs of the *Younger* abstention doctrine are met as to those particular allegations.

We reject Plaintiffs' argument that we avoid abstention due to an applicable exception to the doctrine, as they have failed to assert any factual allegations to support said exceptions, namely bad faith, harassment, or some other extraordinary circumstance. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n¸* 457 U.S. 423, 435 (1982). As such, we will abstain from exercising jurisdiction over Plaintiffs' federal claims that attempt to enjoin Judge Dobson from presiding over the state foreclosure action, that attempt to have the decisions of Judge Dobson in that action invalidated, and that attempt to have that action dismissed.

We will not, however, abstain from exercising subject-matter jurisdiction over Plaintiffs' federal claims for monetary relief because the third prong of the *Younger* abstention analysis has not been met in that regard. The Amended Complaint and Plaintiffs' filings note that the majority of their claims seek monetary damages pursuant to the FDCPA. *See* (ECF Nos. 2, 35 at 1, 37 at 3). Federal and state "claims seeking monetary damages for violations of consumer protection laws," including claims brought under the FDCPA, "cannot be asserted in a mortgage foreclosure action." *Rauso*, 2015 WL 2217411, at *8 (citing *New York Guardian*

10

*Mortg. Corp. v. Dietzel*, 524 A.2d 951, 953 (Pa. Super. 1987) and *Fleet Real Estate Funding Corp. v. Smith*, 530 A.2d 919, 925 (Pa. Super. 1987)).   "In Pennsylvania, '[a]n action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property.'" *Id.* (quoting *New York Guardian Mortg.*, 524 A.2d at 953); *see also Kaymark v. Bank of America*, 783 F.3d 168 (3d Cir. 2015) (finding that a FDCPA claim premised on inadequacies in a foreclosure complaint in a pending state court foreclosure matter could proceed in federal court).

Accordingly, because Plaintiffs cannot adequately raise their federal claims for monetary damages in the state foreclosure action, it would be inappropriate to dismiss said claims pursuant to *Younger*. The Court will therefore proceed to analyze whether Plaintiffs' claims for monetary damages in the Amended Complaint should be dismissed for failure to state a claim.[6]

b.    Immunity

Plaintiffs make numerous claims against Judge Dobson in his capacity as presiding judge in the ongoing state foreclosure.   In his Motion to Dismiss, Judge Dobson argues that he is entitled to Eleventh Amendment and judicial immunity from suit.   The essence of Plaintiffs' argument appears to be that, because Plaintiffs could not locate a publicly filed copy of Judge Dobson's oath of office, he lacks jurisdiction over Plaintiffs' foreclosure action, and cannot

---

[6]      The Court notes that Defendants have also challenged the Court's subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which prohibits a federal district court from exercising subject-matter jurisdiction over claims which are the functional equivalent of an appeal of a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *see also Hersh v. CitiMortgage, Inc.*, 16 F. Supp. 3d 566, 570 (W.D. Pa. 2014). However, this doctrine is inapplicable because no state-court judgments have been rendered in the current foreclosure proceedings.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").  Nevertheless, as discussed *infra*, Defendants have stated numerous other reasons supporting dismissal of the Amended Complaint.

receive the benefit of immunity from suit.  They also allege that Judge Dobson's actions in court violated state evidentiary and procedural rules, various state and federal laws, and the United States Constitution.

As an initial matter, the federal claims against Judge Dobson fail because a claim against a judicial officer in his official capacity is considered a claim against the Commonwealth of Pennsylvania, thus triggering Eleventh Amendment immunity.  *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Benn v. First Judicial Dist.*, 426 F.3d 233, 238-41 (3d Cir. 2005) (Court of Common Pleas is entitled to Eleventh Amendment Immunity); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (in enacting 42 U.S.C. § 1983 Congress did not disturb the States' Eleventh Amendment immunity); *Sorrell v. Illinois Student Assistance Comm'n*, 314 F.Supp.2d 813 (C.D. Ill. 2004) (the Eleventh Amendment bars claims brought pursuant to the FDCPA in the absence of the State waiving sovereign immunity, and Congress has not unequivocally expressed an intent to abrogate the State's immunity regarding such claims); 42 Pa.C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States).  A fair reading of Plaintiffs' claims against Judge Dobson show that Plaintiffs challenge his actions taken in his official capacity as a judicial officer during the state foreclosure action.  As such, he is entitled to Eleventh Amendment immunity.

Moreover, Plaintiffs' claims against Judge Dobson are precluded because of judicial immunity.  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).  Plaintiffs have failed to allege any facts suggesting that Judge Dobson has acted "in the clear absence of all jurisdiction" such that the foreclosure proceedings were not at least "colorably within the jurisdiction of h[is] court."  *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 771 (3d Cir. 2000).

Finally, we note that Plaintiffs claim that Judge Dobson's orders are void for lack of jurisdiction based upon speculation that he did not take a judicial oath. Yet, Plaintiffs have not pointed to any authority establishing that failure to take an oath nullifies judicial immunity.  *See Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012) ("Even assuming that the defendants had not, in fact, taken their oaths of office … , [the plaintiff] points to no case law that would support the conclusion that this omission abrogated claims to immunity.").  To the contrary, the United States Court of Appeals for the Tenth Circuit has held that statutory immunity was not diminished by absence of a formal, written oath of office.  *See Thatcher Enter. v. Cache County Corp.*, 902 F. 2d 1472, 1478 (10th Cir. 1990).  Accordingly, Plaintiffs' contention here that Judge Dobson lacked jurisdiction to issue his orders in the mortgage foreclosure action is without merit.

For all of these reasons, Judge Dobson has carried his burden in establishing that he is entitled to judicial immunity from all claims asserted against him in the Amended Complaint. We therefore recommend that the Amended Complaint be dismissed as to him.

c.    The FDCPA

The central thrust of Plaintiffs' Amended Complaint and related filings is that Defendants, in concert, engaged in "abusive, deceptive, deceitful, and unfair debt collection

practices" in connection with the state court foreclosure action, thereby violating the FDCPA. (ECF No. 2 at 1–2). Without stating any pertinent facts, the Amended Complaint, in conclusory fashion, fleetingly alleges that Defendants generally violated the following provisions of the FDCPA:

- 15 U.S.C. §§ 1692d(1) (the use of threat or use of violence or other criminal means to harm the physical person, reputation, or property of any person),

- 15 U.S.C. § 1692e(2)(A) (the false representation of the character, amount, or legal status of any debt),

- 15 U.S.C. § 1692e(3) (the false representation or implication that any individual is an attorney or that any communication is from an attorney),

- 15 U.S.C. § 1692e(4) (the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action),

- 15 U.S.C. § 1692e(5) (the threat to take any action that cannot legally be taken or that is not intended to be taken),

- 15 U.S.C. § 1692e(8) (communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed),

- 15 U.S.C. § 1692e(10) (the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer),

- 15 U.S.C. § 1692e(13) (the false representation or implication that documents are legal process),

- 15 U.S.C. § 1692f(1) (the collection of any amount [including any interest, fee, charge, or expense incidental to the principal obligation] unless such amount is expressly authorized by the agreement creating the debt or permitted by law),

- 15 U.S.C. § 1692f(6) (taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement),

14

- 15 U.S.C. § 1692g (validation of debts), and

- 15 U.S.C. § 1692j (furnishing certain deceptive forms).

(Am. Compl., ECF No. 2).

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 174 (3d Cir. 2015). "[A]s remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Id.* (quoting *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013)). Communications between lenders, and/or debt collectors, and debtors are viewed from the perspective of the "least sophisticated debtor" in order to protect "the gullible as well as the shrewd." *Dibattista v. Buckalew, Frizell & Crevina, LLP*, 574 F. App'x 107, 110 (3d Cir. 2014) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). Nevertheless, although the "least sophisticated debtor" standard is a relaxed one, it must still work to "prevent liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000)).

The FDCPA requires Plaintiffs to allege that: "(1) [plaintiff] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F. 3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). We agree with Defendants that Plaintiffs' have failed to allege any factual content establishing they violated a provision of the FDCPA in attempting to collect a debt. Defendants accurately argue that Plaintiffs' allegations in the Amended Complaint amount to nothing more than legal conclusions unaccompanied by supporting factual content, which fail to show that Plaintiffs are

15

entitled to relief under the FDCPA.  Plaintiffs allege no specific facts supporting their conclusory allegations that the assignment of the mortgage to Nationstar was invalid, that Nationstar did not hold the original promissory note when the state court action was filed, or that any of the Defendants violated any provision of the FDCPA during those proceedings.

Plaintiffs' allegations that Nationstar did not have access to original copies of the mortgage and promissory notes when the state foreclosure action was initiated and that Nationstar forged those notes are unsubstantiated.  The filings submitted by Defendants show that the notes were presented in the state foreclosure action.  (ECF No. 5-2 at 69).  Plaintiffs offer no proof beyond a speculative level to show that these notes are not original, but were forged.  Notably, Plaintiffs assert that they retained "fraud auditors" to inspect the notes, who determined that the notes were fraudulently obtained in violation of the FDCPA.  In *Brosnahan v. JPMorgan Chase Bank*, 2010 WL 4269562, *5 (D. Ariz. 2010), the court, in dismissing the amended complaint for failure to state a claim, disregarded the *pro se* plaintiff's attachment of a similar fraud report, which attempted to establish that the note was not original and thus void. The court found that such an attached fraud report "adds nothing" to the plaintiff's claims.  *Id.*

In this case, Plaintiffs already objected to the authenticity of the notes in the state court action, *see* (ECF No. 5-2 at 33-39), and said objections were overruled.  In the absence of any specific facts or proof that Defendants forged these notes, there is no basis for this Court to question the authenticity of the same, notwithstanding the existence of this "fraud report." Additionally, even if Plaintiffs' unsupported allegations are correct that the state foreclosure action was initiated without the original documents, Plaintiffs nevertheless fail to state a valid cause of action for such conduct.  *See Donatelli v. Warmbrodt*, 2011 WL 2580442, *6 (W.D. Pa.

2011) (rejecting the pro se plaintiff's assertion that "insufficient evidence or documentation claims based on the filing of a state court complaint … constitute viable [FDCPA] claims.").

Plaintiffs also allege that their mortgage was monetized and/or securitized. Therefore, they contend that their debt is unenforceable and that Nationstar could not have acquired the rights to their mortgage. However, as Defendants note, this position is unsupported by law. *See* (ECF No. 16 at 8-9); *see also Conant v. Wells Fargo Bank, N.A.*, 60 F.Supp3d 99, 109 (D. D.C. 2014) (the securitization of a loan does not deprive defendants of the power to foreclose on the property).[7]  Additionally, Plaintiffs' unclear allegation that Defendants did not report to credit agencies that the mortgage debt was being disputed lacks the requisite factual detail, and is nothing more than a legal conclusion cast in the form of a factual allegation. *See* 15 U.S.C. § 1692e(8) (failure to communicate that a debt is disputed is a violation of the FDCPA); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). Moreover, Plaintiffs have failed provide any support in favor of their claims that Nationstar's representatives did not follow state procedural and evidentiary rules when filing the foreclosure action, did not seek to determine whether the mortgage and promissory notes were legitimate and/or properly obtained by Nationstar prior to filing the mortgage foreclosure action, and purposely filed defective and fraudulent affidavits.

As a result, Plaintiffs have failed to show that Defendants violated any provision of the FDCPA. Although 43 pages long, the Amended Complaint lacks the necessary factual content to

---

[7]     Plaintiffs additionally contend that a Pooling and Service Agreement invalidated the assignment of the mortgage to Northstar. Plaintiffs provide no supporting factual allegations or basis to support such a conclusion. Moreover, "[c]ourts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with Pooling and Service Agreement provisions, based on borrowers' lack of standing." *Dauenhauer v. Bank of N.Y. Mellon*, 562 Fed. App'x 473, 480 (6th Cir. 2014) (collecting cases).

show that Plaintiffs are entitled to relief under the FDCPA against any of the Defendants. We therefore recommend dismissal of all of Plaintiffs' claims under the FDCPA.

      d.    <u>Constitutional Claims</u>

In accordance with the above analysis, Plaintiffs have likewise failed to allege any specific facts showing an entitlement to relief under the First, Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution.   In the Amended Complaint, Plaintiffs cursorily assert in string citations that Defendants violated these constitutional provisions, but they offer insufficient facts showing any entitlement to relief thereunder.   As the plausibility determination is a context-specific task that requires the Court to draw on its judicial experience and common sense, we find that Plaintiffs fail to allege any constitutional violations. Thus, all of Plaintiffs' federal claims asserting such violations should be dismissed.

      e.    <u>State Claims</u>

Lastly, because we recommend dismissal of all of Plaintiffs' federal claims in the Amended Complaint, we decline to exercise supplemental jurisdiction over Plaintiffs' state claims.   *See* 28 U.S.C. § 1367(c) (district courts may decline to exercise supplemental jurisdiction if, *inter alia*, all claims over which the district court has original jurisdiction are dismissed); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

      f.    <u>Futility</u>

 "When a [pro se] plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (emphasis in original).   Allowing Plaintiffs to file a Second Amended Complaint under these circumstances would be futile.

Clearly, no amendment would alter the *Younger* abstention analysis because we cannot interfere with the ongoing state foreclosure action.  It is black letter law that Judge Dobson is entitled to Eleventh Amendment immunity and judicial immunity.  Finally, Plaintiffs' claims for monetary damages pursuant to their federal claims are entirely unsupported by any specific facts.  We find that if Plaintiffs were given the opportunity to amend, any amended pleading would not plausibly give rise to an entitlement to relief.  Thus, we recommend dismissal of the Amended Complaint with prejudice.

**C.     Conclusion**

Based upon the foregoing, it is respectfully recommended that Defendants' motions to dismiss (ECF Nos. 3, 5, 15, 21 *errata* 23) be granted, and Plaintiffs' Amended Complaint (ECF No. 2) be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties may submit objections to this Report and Recommendation, which **<u>must be filed by June 29, 2015</u>**.  **Because Plaintiffs have already been granted a substantial extension of time in responding to Defendants' motions, no extensions of time will be granted for the filing of said objections.**  Failure to file timely objections will constitute a waiver of any appellate rights.  *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: June 12, 2015                                            s/ Cynthia Reed Eddy
                                                                            Cynthia Reed Eddy
                                                                            United States Magistrate Judge

cc:    RAYMOND S. CRIMONE & REBECCA A. CRIMONE
        2917 Sandy Lake Grove City Road
        Stoneboro, PA 16153

        All counsel of record via CM-ECF